UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOISES E. PONCE ALVAREZ,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

Case No. C16-721-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants King County, Cassandra Bertaina, Adam R. Buchan, Jonathan Hennessy, James Price, and John Does 1-2's Motion for Summary Judgment. Dkt. # 27. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## II. BACKGROUND

In this 42 U.S.C. § 1983 civil rights action, Plaintiff Moises E. Ponce Alvarez alleges that Defendants subjected him to excessive force in violation of the Fourth Amendment. Around midnight on May 21, 2014, Alvarez was driving his car in the White Center neighborhood of unincorporated King County when he experienced engine trouble and pulled into an alley between 18th and 19th Avenue Southwest. At the time, King County Sheriff's Deputy Adam R. Buchan was in the alley responding to an unrelated 911 call. What happened next is disputed.

According to Alvarez, he parked to get out and check the engine. Just after

ORDER – 1

unlocking the car door, a large man, who Alvarez later learned was Officer Buchan, yanked him out of the car, hit him, threw him to the ground, and told him to "shut up." Face down and unable to see his assailant, he heard more people arrive who yelled at him and told him to "shut up." He recognized one of the voices as belonging to a woman. These people punched and kicked him and he lost consciousness multiple times. He did not know they were officers until he felt himself be handcuffed. The officers transported him to jail. On the way, Alvarez continued to lapse in and out of consciousness. He later sought medical treatment. His doctor diagnosed him with post-traumatic headaches, which she attributes to the incident in the alley. Dkt. # 34-1 (Mendez Decl. Ex. 5).

According to Buchan, he was in the alley using his flashlight to search for a suspect whom a nearby 911 caller had reported as banging on her front door. He saw a car enter the alley in his direction. The car accelerated toward him and he had to jump out of the way. The car skidded to a stop. With his firearm drawn, he opened the driver's side door and ordered the driver, whom he later learned was Alvarez, to turn off the engine. Alvarez complied, but did not exit the vehicle. Instead, he reached toward the passenger floorboard. Buchan grabbed him and pulled him from the vehicle. Alvarez resisted. As Buchan worked to restrain Alvarez, King County Sheriff's Deputy Cassandra Bertaina arrived to provide backup. Because Alvarez was still violently resisting, Buchan instructed Bertaina not to handcuff Alvarez until they received further assistance. King County Sheriff's Deputies Jonathan Hennessy and James Price arrived. Together, the four officers restrained Alvarez and transported him to jail.

King County charged Alvarez with reckless driving and obstructing law enforcement. A jury found him not guilty. Dkt. # 34-1 at 134-36 (Mendez Decl. Ex. 21).

On May 20, 2016, Alvarez filed this action alleging (1) claims under 42 U.S.C. § 1983 against the officers for excessive force in violation of the Fourth and Fourteenth Amendments; (2) *Monell* claims under 42 U.S.C. § 1983 against King County for maintaining unconstitutional policies and practices, failure to train, and failure to

ORDER – 2

supervise; (3) a Washington state claim for assault and battery; and (4) a Washington state claim for negligent use of force. Now, Defendants move for summary judgment on all claims except for the excessive force claim against Officer Buchan.

### III. DISCUSSION

#### A. *Monell* Claims, Assault and Battery Claim, and Negligence Claim

In response to Defendants' motion, Alvarez withdraws his claims for *Monell* liability, assault and battery, and negligence. Dkt. # 33 at 21 ("Plaintiff withdraws his claims for Negligent Use of Force, Assault and Battery, and his *Monell* claim."). Accordingly, the Court **GRANTS in part** Defendants' motion and **DISMISSES** these claims. Having dismissed Alvarez's *Monell* claims, the Court also **DISMISSES** Defendant King County as a party, as no claims remaining pending against it.

#### B. Section 1983 Claims for Excessive Force Against Officers Bertaina, Hennessy, and Price

Alvarez opposes Defendants' motion as to his § 1983 claims for excessive force against Officers Bertaina, Hennessy, and Price.

##### i. Officer Bertaina

Although Defendants call their motion a Motion for Summary Judgment, they contend that the Court should dismiss Alvarez's excessive force claim against Officer Bertaina because he does not allege facts in his complaint that state a claim against her. Alvarez contends that Defendants have been aware all along as to the scope of his allegations such that the deficit of facts in his complaint is immaterial.

The Court will construe Defendants' motion as a motion on the pleadings under Rule 12(c) with respect to its argument concerning Officer Bertaina. "The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested." *In re 1982 Sanger*, 738 F.2d 1043, 1046 (9th Cir. 1984). Because Defendants' argument rests wholly on the contents of Alvarez's complaint, the Court must conduct its analysis accordingly. *See Chocolates by Bernard, LLC v. Chocolaterie Bernard Callebaut Ltd.*, No. 2:10-CV-1298 JWS, 2013

ORDER – 3

WL 3489805, at *1 (D. Ariz. July 11, 2013) (construing motion for summary judgment as a motion for judgment on the pleadings where movant's basis for relief relied exclusively on allegations in complaint). To the extent that Alvarez claims Defendants' argument is an improper motion under Rule 12(b)(6), the Court disagrees. Although a motion under Rule 12(b)(6) must be filed before filing a responsive pleading, courts construe subsequent motions seeking dismissal for failure to state a claim as motions for judgment on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

The same standard for dismissal applies to Rule 12(c) and Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). That standard derives from Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal for failure to state a claim, the plaintiff must point to factual allegations in the complaint that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). The plaintiff avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Alvarez has failed to state a claim against Officer Bertaina. A claim for excessive force requires proof that the defendant used a degree of force that is objectively unreasonable under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Alvarez, however, does not allege in his complaint that Officer Bertaina used any force against him. He alleges that he "was punched, kicked, beaten, and slammed to the gravel pavement by multiple individuals who he understands to be above named defendants Buchan, Hennessy, and Price." Dkt. # 1 ¶ 5.2 (Complaint). Beyond being named as a defendant, Officer Bertaina is not among the officers whom Alvarez alleges used force against him. By not alleging in his complaint that Officer Bertaina used force,

ORDER – 4

Alvarez has failed to state a claim against her for excessive force. The Court **GRANTS in part** Defendants' motion and **DISMISSES** Alvarez's claim against Officer Bertaina.

Alvarez indicates that he intends to move for leave to amend his complaint as it pertains to Officer Bertaina. Dkt. # 33 at 21. The Court notes that this would require a showing of good cause under Rule 16, as the deadline for amending pleadings expired on February 1, 2017. In seeking to establish good cause, Alvarez should take into consideration that the trial date in this matter, July 31, 2017, is fast approaching. Any such motion must be filed **within seven (7) days** from the date of this Order.

### ii. Officers Hennessy and Price

Defendants move for summary judgment on Alvarez's claims for excessive force against Officers Hennessy and Price. They contend there is no evidence that Hennessy and Price used force against Alvarez and, even if there were, that Hennessy and Price would be entitled to qualified immunity. Alvarez opposes the motion on both grounds.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

As noted, a claim for excessive force requires a showing that the defendant used an objectively unreasonable degree of force. *Graham*, 490 U.S. at 388. Assessing

ORDER – 5

whether a law enforcement officer's use of force was reasonable "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests'' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (internal quotation marks omitted)). "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham*, 490 U.S. at 396). "[T]he reasonableness of force used is ordinarily a question of fact for the jury." *Liston v. Cty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997).

Defendants contend that summary judgment is appropriate as to Officers Hennessy and Price because Alvarez's testimony shows that only two officers used force against him. At his deposition, Alvarez testified that "four or three people" were assaulting him, but when asked how he knew that he answered that it was because he could see "[f]our feet, two pairs of feet." Dkt. # 34-1 at 18 (Mendez Decl. Ex. 2). He testified that, when he was able to look up for an instant, he saw the "the face of the woman who hit me and the face of the person who pulled me out of the car." *Id.* at 20. When asked whether he saw anybody else hit him "besides the man that pulled [him] out of the car and the woman who came after," he answered, "No." Dkt. # 28-1 at 2 (Anderson Decl. Ex. A). He testified that he thought additional people were attacking him, but conceded that he did not know. *Id.* He explained he was uncertain how many officers were present because he was pinned face-down on the ground and that they "were always trying to make it so that I could not identify them." *Id.*

While Alvarez's testimony suggests the presence of two assailants, the accounts of Officers Hennessy and Price muddy the waters. At the probable cause hearing, Price testified that, when he arrived, Buchan was the only officer present and that Hennessy and Bertaina did not arrive until shortly thereafter. Dkt. # 34-1 at 113-15 (Mendez Decl.

ORDER – 6

Ex. #16). But at his deposition and again in a declaration, Price testified that both Buchan and Bertaina were at the scene when he arrived. *Id.* at 108-10 (Mendez Decl. Ex. #16); Dkt. # 31 (Price Decl.). For his part, Officer Hennessy testified that when he arrived, Buchan and Bertaina were present, suggesting that Officer Price was the last to arrive. Dkt. # 34-1 at 129-30 (Ex. #19).

The sequence in which the officers arrived at the scene and what transpired during the course of Alvarez's arrest is a genuine dispute of material fact that precludes summary judgment. Defendants separately contend that, even if Officers Hennessy and Price used excessive force, they are entitled to qualified immunity because the Supreme Court has held that an officer who arrives to an ongoing police action may presume that proper procedures have been followed thus far. Dkt. # 27 (citing *White v. Pauly*, 137 S. Ct. 548, (2017)). Whether they are entitled to this defense, however, turns on the same issues of material fact that preclude summary judgment as to their use of force—*i.e.*, when they arrived and what occurred thereafter. Resolving these issues will require credibility determinations, which are for the jury, not the Court. *McLaughlin v. Liu*, 849 F.2d 1205, 1207 (9th Cir. 1988). Accordingly, viewing the evidence in the light most favorable to Alvarez and drawing all reasonable inferences in his favor, the Court **DENIES** Defendants' motion as it pertains to Officers Hennessy and Price.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment. Dkt. # 27. Because no claims remain pending against Defendant King County, the Court **DISMISSES** King County as a party

\\
\\
\\
\\
\\

ORDER – 7

to this action. If Alvarez wishes to move for leave to amend his complaint as to his claim against Officer Bertaina, he must do so **within seven (7) days** from the date of this Order.

DATED this 23rd day of June, 2017.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 8