**THE HONORABLE RICHARD A. JONES**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOISES E. PONCE ALVAREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>KING COUNTY, a municipal corporation; ADAM R. BUCHAN, in his individual capacity, JONATHAN HENNESSY, in his individual capacity, JAMES PRICE, in his individual capacity, CASSANDRA BERTAINA, in her individual capacity, and John Does 1-2 in their individual capacities.<br><br>    Defendants. | NO. 2:16-CV-00721<br><br>PLAINTIFF'S MOTION IN LIMINE |

## I. RELIEF REQUESTED

Plaintiff respectfully request the Court instruct the defendants, their attorneys, and witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly, any of the issues set forth below by motion:

PLAINTIFF'S MOTION IN LIMINE 1 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

1) Motion to exclude expert opinions that were not properly disclosed or constitute improper opinions.

2) Motion to exclude documents regarding Plaintiffs that were not disclosed or produced in discovery.

3) Motion to exclude any argument that Plaintiffs failed mitigate his damages.

4) Motion to exclude reference to, or content from, any settlement communications.

5) Motion to exclude any evidence or reference to whether Plaintiff was investigated, charged, or convicted of a crime that is unrelated to the police misconduct at issue in this case.

6) Motion to exclude any reference to the potential impact the verdict may have on defendants or public safety.

7) Motion to exclude evidence regarding the "good character" or other "good" acts of the defendants or their witnesses.

8) Motion to exclude references to plaintiff's past drug and/or alcohol use.
9) Motion to exclude reference to Plaintiff's immigration status.

10) Motion to exclude reference to these motions in limine.

11) Motion to exclude any claim or suggestion that the individual Defendants will be personally liable for compensatory or punitive damages.

12) Motion to exclude any reference regarding defendants' financial status, insurance or lack thereof.

PLAINTIFF'S MOTION IN LIMINE 2 of 14
NO.    2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

*13)* Motion that during trial no mention, comment, question, argument, or other reference whatsoever be made by the defense attorney or their witnesses in the presence of the jury which appeals to the self-interest of the jurors as taxpayers.

Plaintiff's counsel has conferred as required by LCR 7(d)(4).[1] The issues addressed in this motion are disputed

_____

[1] See Declaration of Damian S. Mendez in Support of Plaintiff's Motions in Limine.

## II. EVIDENCE RELIED UPON

These motions rely upon the Declaration of Damian S. Mendez in Support of Plaintiff's Motions in Limine ("Mendez Decl.") including the exhibits attached thereto, as well as the pleadings, exhibits, orders, and other documents previously filled in this case.

## III. LEGAL ARGUMENT

Pretrial motions to exclude evidence are designed to simplify trials and to avoid the prejudice that occurs when a party is forced to object in front of the jury to the introduction of inadmissible evidence. *Fenimore v. Donald M. Drake Construction Company*, 87 Wn.2d 85,

PLAINTIFF'S MOTION IN LIMINE 3 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

89, 549 P.2d 483 (1976). When a trial court is able to determine the admissibility of questioned testimony prior to its introduction at trial, it is appropriate to grant a motion *in limine* and avoid the prejudice. *State v. Kelly*, 102 Wn.2d 188, 192-193, 685 P.2d 564 (1984).

The standards for granting a motion *in limine* are set forth in *Fenimore*:

> [T]he trial court should grant such a motion if it describes the evidence which is sought to be excluded with sufficient specificity to enable the trial court to determine that it is clearly inadmissible under the issues as drawn, or which may develop during the trial, and if the evidence is so prejudicial in its nature that the moving party should be spared he necessity of calling attention to it by objecting when it is offered during the trial. To enable the court to make such a determination prior to trial and "out of context," the moving party should provide a memorandum of authority showing that the evidence is inadmissible.

87 Wn.2d at 191

Federal Rule Evidence 402 provides, in pertinent part, that "evidence which is not relevant is not admissible." Fed. R. Evid 402. Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action . . .." Fed. R. Evid. 401. Even relevant evidence can be excluded if the probative value that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

To avoid the prejudice of objecting at trial, the Court should prevent the defendant from offering evidence or argument regarding the issued outlined below.

**(1) Motion to exclude expert opinions that were not properly disclosed or constitute improper opinions.**

PLAINTIFF'S MOTION IN LIMINE 4 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

The court should prevent the defendants from offering expert opinions that they failed to disclose during discovery, as well opinions that are improper. Plaintiffs will be unfairly prejudiced if the defendants are allowed to offer expert testimony that they failed to disclose during discovery because he will not have had an opportunity to conduct discovery regarding the same. Further, Fed. R. Civ. P. 37 (c)(1) states that a party who fails to properly disclose expert opinions "is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

*Defendants agree with this motion.*

**(2)　Motion to exclude documents regarding Plaintiffs that were not disclosed or produced in discovery.**

The Court should prevent the defendants from using or offering any documents regarding Plaintiffs that the defendants failed to produce in discovery because it would be unfairly prejudicial for the defendants to introduce a document, even for rebuttal purpose, that that Plaintiffs requested in discovery.

Additionally, to the extent defendants attempt to present exhibits not disclosed prior to trial in accordance with Fed. R. Civ. P. 26(a)(3), such documents must also be excluded. Fed R. Civ. P. 37(c)(1).

*Defendants agree with this motion.*

**(3)　Motion to exclude any argument that plaintiff failed to mitigate his damages.**

PLAINTIFF'S MOTION IN LIMINE 5 of 14
NO.　2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

The court should prevent the defendants from arguing that Plaintiff failed to mitigate his damages because the defendants have offered no evidence to support such a claim. No lay or expert witness has offered testimony stating that the Plaintiff failed to mitigate his damages, and as such, the Court should prevent the defendants from asserting such an argument. Further, Washington state law requires expert testimony where the determination of causation regarding the failure to mitigate damages turns on "obscure medical factors." *Cox v. Keg restaurants U.S. Inc*. 86 Wash.App. 239, 234. Wash. App Div1.(2005). Therefore, even though not controlling, the state law does inform this issue in that most likely only expert testimony could support such claims.

*Defendants oppose this motion.*

**(4)   Motion to exclude reference to or content from any settlement communications.**

The Court should prevent the defendants from discussing the fact or content of any settlement or settlement communications with Plaintiffs or any other witness, and should order the defendants redact any records that reflect any settlement communications. The Court should exclude any evidence or argument regarding settlement communications because the existence and the content of any settlement or settlement communication is irrelevant and inadmissible. Fed. R. Evid. 408.

To the extent such evidence has any minor probative value, it is substantially outweighed by the misleading and prejudicial effect it will have on the jury because the jury

PLAINTIFF'S MOTION IN LIMINE 6 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

must decide the amount of Plaintiff's damages based on the acts and omissions of the defendants, not on potential settlements that, by definition, are compromised values that do not reflect the full value of Plaintiff's claims. Fed. R. Evid. 403.

*Defendants agree to this motion.*

**(5)          Motion to exclude any evidence or reference to whether Plaintiff was investigated, charged or convicted of a crime that is unrelated to the police conduct at issue in this case**

The Court should prevent the defendants from discussing whether Plaintiff was investigated, charged or convicted of a crime in the past.

**First**, evidence that Plaintiff was cited, arrested, or investigated for any crime should be excluded because such evidence is inadmissible character evidence under Fed. E. Evid. 404, and Fed. R. Evid. 608. It is also inadmissible under Fed. R. Evid. 403 because any potential probative value would be substantially outweighed by its prejudicial effect.

**Second**, evidence that Plaintiff was actually convicted for any crime should be excluded because such evidence is inadmissible under Fed. R. Evid. 609(a) unless the crime was (1) punishable by death or imprisonment for more than a year, and the court finds that its probative value outweighs the prejudice of the party against whom the evidence is offered, or (2) involved dishonesty or a false statement.

PLAINTIFF'S MOTION IN LIMINE 7 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

**Finally**, any evidence of past allegations, charges, or convictions of crimes are irrelevant to issues in this case. Fed. R. Evid. 401; 402. The issues in this case center on whether Defendants actions or inactions constituted a violation of Plaintiff's constitutional rights.

*Defendants agree with this motion.*

**(6)    Motion to exclude any reference to the potential impact the verdict may have on defendants   or public safety.**

The Court should prevent the defendant from offering evidence or argument discussing whether a verdict against the defendants might affect insurance rates, the financial wealth of the defendants, the ability of defendants to provide law enforcement services, the ability or willingness of officers to provide services, or similar speculation because such evidence and argument is inadmissible and irrelevant.

The defendants should be instructed that they cannot make arguments or suggestions that a judgement would "come out of the pockets of the defendants" or taxpayers, because it would imply that the jury should reduce the Plaintiff's actual damages because there is no insurance to pay for those damages. Miller v. Staton, Wn.2d 837, 294 P.2d 799 (1964) (holding that it is error for a defense attorney to make such arguments).

Similarly, the defendant should not be allowed to offer evidence or argument that a verdict will negatively affect the financial wealth of the defendants, their ability to provide law enforcement services, the ability or willingness of officers to provide services, or the potential impact on public safety. This case presents a real risk that defendants will reference

PLAINTIFF'S MOTION IN LIMINE 8 of 14
NO.    2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

or infer that a verdict against defendants would limit their ability to perform proper law enforcement tasks in the future out of a fear of financial liability. Not only would such evidence rely on pure speculation, but those issues are irrelevant to whether the defendants should be held liable for their misconduct and the full amount of Plaintiff's damages. Furthermore, an inference that public safety will be jeopardized by a verdict in favor of Plaintiff is extremely prejudicial to Plaintiffs as it provides the jury with a personal stake in the outcome of the case. Fed. R. Evid. 403.

The court should prevent the defendants from discussing whether a verdict might affect the financial wealth of the defendants, the ability of defendants to provide law enforcement services, the ability or willingness of others to provide services, the potential impact on public safety, or similar speculation.

*Defendants agree with this motion.*

**(7)  Motion to exclude evidence regarding the "good character" or other "good" acts of the defendants or their witnesses.**

The court should exclude evidence regarding the "good character" or other "good" acts of the defendants or its witnesses.

Under Fed. R. Evid. 404(a), evidence of a person's character is not admissible for the purpose of providing action in conformity therewith on a particular occasion, with limited exceptions. The rule prohibits the admissibility of character as substantive evidence to defend a claim.

PLAINTIFF'S MOTION IN LIMINE 9 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

Character evidence is admissible in a civil case only in the unusual situation in which a person's character itself is an element of claim. Although character evidence may be submitted to rebut the nature of a charge in order to rebut the charge. For example, in a prosecution for indecent liberties, a defendant is not entitled to introduce testimony as to his good reputation for truthfulness in the community. See *State v. Harper*, 35 Wn. App. 855, 670 P.2d 296 (1983) ("Defendant's character trait for truthfulness is not a trait pertinent to the charge of indecent liberties").

Here, the defendants should not be allowed to introduce character evidence regarding its "good character" or other "good" acts. These character traits are not pertinent to Plaintiff's claims and are inadmissible under Fed. R. Evid. 404. For example, the defendants should not be allowed to discuss the benefits of their services to the community or public safety. This evidence is irrelevant and improper character evidence.

The court should exclude evidence regarding the "good character" or other "good" acts of the defendant or its witnesses.

*Defendants agree with this motion unless plaintiff opens the door*

**(8)   Motion to exclude references to plaintiff's past drug and/or alcohol use.**

References to plaintiff's past drug and/or alcohol must be excluded because it is irrelevant to any of the issues in this case F. R. Evid. 401 and 402. Further, any such evidence would only serve to prejudice Plaintiff before the jury. Fed. R. Evid. 403.

*Defendants oppose this motion.*

PLAINTIFF'S MOTION IN LIMINE 10 of 14
NO.    2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

**(9)    Motion to exclude reference to Plaintiff's immigration status.**

The court should exclude any reference to Plaintiff's immigration status and prevent defendants from eliciting related testimony from witnesses, including during the cross-examination of the Plaintiffs.

The immigration status of Plaintiff must be excluded because it is irrelevant to any of the issues in this case F. R. Evid. 401 and 402. Perhaps more importantly, even if immigration status were somehow relevant, it is unquestionably prejudicial because "[q]uestions regarding . . . immigration status are . . . designed to appeal to the trier of fact's passion and prejudice." *State v. Avendano-Lopez*, 79 Wn.App. 706, 718-19, 904 P.2d 324 (1995); Fed. R. Evid. 403. "[I]mmigration is a politically sensitive issue. Issues involving immigration can inspire passionate responses that carry a significant danger of interfering with the fact finder's duty to engage in reasoned deliberation." Salas v. Hi-Tech Erectors, 168 Wn.2d 664, 672, 230 P.3d 583 (2010). This Court should exclude any reference to Plaintiff's immigration status.

*Defendants agree to this motion.*

**(10)   Motion to exclude reference to these motions in limine.**

The court should prevent the defendants from discussing these motions in limine because such evidence is irrelevant under Fed. R. Evid. 401 and 402, and is confusing and prejudicial under Fed. R. Evid. 403. By definition, the Court has made the legal conclusion that the evidence being excluded by this motion must not be brought, or alluded to,

PLAINTIFF'S MOTION IN LIMINE 11 of 14
NO.    2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

before the jury. Any suggestion about what the jury "will not hear," or what the defendants "are presented from asking about or talking about," is improper and should be prohibited.

*Defendants agree to this motion.*

**(11) Motion to exclude any claim or suggestion that the individual Defendants will be personally liable for compensatory or punitive damages.**

King County provides indemnification for its employees. Therefore, any claim or suggestion regarding personal liability of the defendants is improper.

*Defendants agree to this motion.*

**12) Motion to exclude any reference regarding defendants' financial status, insurance or lack thereof.**

The general rule is that parties are prohibited from making reference to their financial status, insurance or lack thereof. ER 411; *Cramer v. Van Parys*, 7 Wn.App 584, 593-94, 500 P.2d 1255 (1972) (financial circumstance of parties); *King v. Starr*, 43 Wn.2d 115, 260 P.2d 351 (1953) (insurance). The evidence is also irrelevant and prejudicial under ER 402 and 403.

*Defendants agree to this motion.*

**13) Motion that during trial no mention, comment, question, argument, or other reference whatsoever be made by the defense or their witnesses in the presence of the jury which appeals to the self-interest of the jurors as taxpayers.**

*Defendants oppose this motion.*

PLAINTIFF'S MOTION IN LIMINE 12 of 14
NO.    2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court, Before trial and before selection of the jury, enter and order instructing the defendants, their attorneys, and their witnesses, not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, any of the facts or issues set forth above.

Respectfully submitted this $3^d$ day of July, 2017.

MENDEZ LAW GROUP, PLLC

By */s/ Damian S. Mendez*_____
Damian S. Mendez, WSBA No. 36157
damian@damianmendezlaw.com
Attorney for Plaintiff

PLAINTIFF'S MOTION IN LIMINE 13 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010

**CERTIFICATE OF SERVICE**

THE undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date below indicated I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such to the following:

    Damian S. Mendez, Attorney
    Mendez Law Group, PLLC
    811 1st Ave. Suite 340, Seattle WA 98104
    damian@damianmendezlaw.com
    Phone 206-290-5148
    Fax 206-260-9010

    Richard L. Anderson, Attorney
    King County Prosecuting attorney, Civil Division
    500 4th Avenue, Suite 900 Seattle, WA 98104
    Richard.Anderson@kingcounty.gov
    Phone: 206-477-6184
    Fax: 206-296-8819

Signed this 3d day of July, 2017

        MENDEZ LAW GROUP, PLLC

        By  /s/ *Damian S. Mendez*
          Damian S. Mendez, WSBA No. 36157
          damian@damianmendezlaw.com
          Attorney for Plaintif

PLAINTIFF'S MOTION IN LIMINE 14 of 14
NO.   2:16-CV-00721

MENDEZ LAW GROUP, PLLC
811 1st AVENUE. SUITE 340
SEATTLE, WA 98104
Phone 206-290-5148 Fax 206-260-9010