UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOISES E. PONCE ALVAREZ,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KING COUNTY, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C16-0721RAJ<br><br>ORDER |

## I.　　INTRODUCTION

This matter comes before the Court on Plaintiff Moises E. Ponce Alvarez's Motion for Leave to File an Amended Complaint. Dkt. # 39. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## II.　　FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this case. In brief, Plaintiff Moises E. Ponce Alvarez alleges that the Defendants, King County Sheriff's Deputies, subjected him to excessive force in violation of the Fourth and Fourteenth Amendments. Dkt. # 1.

The allegations stem from an incident that occurred on May 21, 2014 when Plaintiff pulled his car into an alley in the White Center neighborhood of unincorporated King County after experiencing engine trouble. The events that followed are disputed, but Plaintiff alleges that the Defendants pulled him out of his car, threw him to the ground, and punched and kicked him while he slipped in and out of consciousness. Eventually, Plaintiff was arrested. Dkt. # 1.

Four months after the deadline for amending the complaint, the Defendants filed a motion for summary judgment, arguing in part that Plaintiff failed to allege sufficient facts to state a claim for excessive force against one of the Defendants, King County Sheriff's Deputy, Cassandra Bertaina—the only woman among the Defendants. Dkt. # 27; *see also* Dkt. # 18 (Scheduling Order setting February 1, 2017 as the deadline for amending pleadings). Because Defendants' argument concerning Deputy Bertaina rested wholly on the contents of Plaintiff's complaint, the Court construed the Motion for Summary Judgment as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. #38 at 3.

Under the Rule 12(c) standard, the Court found "no set of facts consistent with the allegations in the complaint" that would entitle the Plaintiff to relief. Plaintiff failed to allege in his complaint that Deputy Bertaina used any force against him at all.[1] Dkt. # 38 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). The Court therefore

---

[1] In his complaint, Alvarez alleged that he "was punched, kicked, beaten, and slammed to the gravel pavement by multiple individuals who he understands to be above named defendants Buchan, Hennessy, and Price." Dkt. # 1 ¶ 5.2 (Complaint).

dismissed Plaintiff's claim without prejudice, and warned Plaintiff that any subsequent motion for leave to amend should include a showing of good cause under Rule 16, as the deadline for amending pleadings expired on February 1, 2017.  Dkt. # 38 at 5.

On June 30, 2017 Plaintiff filed the instant motion for leave to amend his complaint, seeking to add additional facts demonstrating that Deputy Bertaina used excessive force in the alleyway on May 21, 2014.  Dkt. # 39.  Specifically, the Plaintiff seeks to amend his complaint to include the following language, emphasized below:

> During the incident, Moises was punched, kicked, beaten, and slammed to the gravel pavement by multiple individuals who he understands to be above named defendants Buchan, Hennesy, *Bertaina*[,] and Price.
>
> *Moises could also tell that the female in the group of individuals, Bertaina, told him to shut up, was using her knees to hit him on his side, punched him and hit him in the head*.

Dkt. # 39 at 2.

### III.   DISCUSSION

**A.   Motion for Leave to Amend**

"Amendments to pleadings involve the applicability of Rules 15 and 16 of the Federal Rules of Civil Procedure and are dependent upon the timing of the amendment request as it relates to the various deadlines established in the pretrial case management order." *Paz v. City of Aberdeen*, C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013).  Although Rule 15 generally provides for liberal amendment to pleadings, an additional showing of "good cause" for amendment must be made if the Court has entered a Rule 16 pretrial scheduling order and the scheduling order's deadline for amending pleadings has passed. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604,

608 (9th Cir.1992). "Where the court has issued a pretrial scheduling order establishing a timetable, the pretrial order controls the subsequent course of the action and may be modified only upon a showing of good cause." *Paz*, 2013 WL 6163016, at *2. "Only after the moving party has demonstrated diligence under Fed. R. Civ. P. 16 does the court apply the standard under Fed. R. Civ. P. 15 to determine whether the amendment was proper." *Grays Harbor Adventist Christian Church v. Carrier Corp.*, C05-5437 RBL, 2007 WL 2156601, at *2 (W.D. Wash. July 26, 2007).

The Ninth Circuit explained the "good cause" standard for the purposes of Rule 16 in *Johnson*:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the submission.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If the party was not diligent, *the inquiry should end*.

975 F.2d at 609 (emphasis added).

Here, Plaintiff's proffered "good cause" for seeking to amend is that he was unaware that his Complaint failed to comply with minimal pleading standards:

> The reason why [P]laintiff's counsel did not move to amend the complaint until responding to the Defendants' summary judgment motion is because [he] believed the facts stated in the complaint complied with Fed. R. Civ. P. 8(a) as to all [D]efendants, including Deputy Bertaina.

Dkt. # 39 at 5.  Plaintiff's explanation demonstrates carelessness, rather than diligence and is, simply, not "good cause." *See e.g.*, *LifeLast, Inc. v. Charter Oak Fire Ins. Co.*, No. C14-1031JLR, 2015 WL 12910683, at *2 (W.D. Wash. July 6, 2015) (at the very

least, to show "good cause," "a party must show that they could not meet the deadline imposed by the scheduling order despite its diligence.").

The Court is hard-pressed to find any evidence demonstrating diligence elsewhere in the record.  It appears that Plaintiff had ample opportunity to review and amend his pleadings prior to the deadline set by the Court, but he failed to do so.  *See e.g.*, Dkt. # 18 (August 2, 2016 Scheduling Order); Dkt. # 23 (February 23, 2017 Motion to Amend Complaint); Dkt. # 27 (April 6, 2017 Motion for Summary Judgment).  Such carelessness and inaction is "not compatible with a finding of diligence and offers no reason for a grant of relief . . . the inquiry should [therefore] end."  *Johnson*, 975 F.2d at 609.  Because the Court finds that Plaintiff failed to exercise the diligence required under Rule 16, and because he has not excused this behavior with a "good cause," the Court's analysis ends here.[2]  *See id*.

**B.     References to Deputy Bertaina as a Defendant**

In light of the Court's denying leave to amend the Complaint to include a specific allegation against Deputy Bertaina, **the parties shall not reference the fact that Deputy**

---

[2] Contrary to Plaintiff's contention, the Rule 16 procedural protections do more than protect the Court's time. Dkt. # 39 at 6.  As Deputy Bertaina notes, the procedural protections that place the burden on a plaintiff to exercise diligence in pleadings and amendments are necessary for the protection of the court's time as well as the defendant's due process.  The "good cause" requirement is therefore not merely another hoop to jump through, but a necessary counterweight to the burden placed on the opposing party, who was reliant on the deadlines asserted by the Court.  *Robinson v. The Mount Pleasant Med. Grp.*, LLC, 09 CIV. 4314 (CSGAY), 2010 WL 1730779, at *1 (S.D.N.Y. Apr. 27, 2010) ("Rule 16(b) serves an important function in ensuring fairness, certainty, and expedition of litigation."); *Galicia v. Country Coach, Inc*., 324 Fed. Appx. 687, 689 (9th Cir. 2009) (motion to amend to add additional claim eight days before trial properly denied because the defendants "would not be able to move for summary judgment on the new claims and would need to take new depositions and prepare and amend their pleadings, all on the eve of trial.").

**Bertaina was named in the Complaint, or was at one point a defendant in this matter**, without prior authorization.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plainiff's Motion for Leave to Amend, Dkt. # 39.

Dated this 27th day of July, 2017.

_____
The Honorable Richard A. Jones
United States District Judge