UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOISES E PONCE ALVAREZ,<br><br>               Plaintiff,<br>      v.<br><br>ADAM R. BUCHAN, JONATHAN HENNESSY and JAMES PRICE, in their individual capacities,<br><br>               Defendants. | CASE NO. C16-0721RAJ<br><br>ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW |

## I.    INTRODUCTION

This matter comes before the Court on Defendants' motion under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law, filed at the close of Plaintiff's case-in-chief. Dkt. # 72. Plaintiff has filed a Response. Dkt. # 73. Having considered the briefs submitted by the parties, relevant portions of the record, and the applicable law, the Court **DENIES** Defendants' motion.

## II. BACKGROUND

On July 31, 2017, the Court began a five-day trial on Plaintiff Moises Ponce-Alvarez's Section 1983 claims against Defendants Adam Buchan, Jonathan Hennessy, and James Price. Plaintiff alleges the Defendants used excessive force while arresting him in the early morning hours of May 21, 2014. Dkt. # 1 at ¶¶ 5.1-5.6; 6.1-6.6. On the fourth day of trial, August 3, 2017, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Defendants argue:

> [N]o reasonable jury would have a legally sufficient basis to find for the Plaintiff on the issues of: (1) whether Defendants Jonathan Hennessy or James Price caused any actionable injury to the Plaintiff, and (2) whether the Plaintiff may recover any damages for the alleged application of the double restraint or 'hobble' during his arrest, or Defendant Adam Buchan's alleged pointing of his firearm at the Plaintiff prior to his arrest.

*Id.* at 1-2.

## III. LEGAL AUTHORITY

Once a party has been fully heard on an issue during a jury trial, the court may grant a motion for judgment as a matter of law against the nonmoving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a); *Ritchie v. United States*, 451 F.3d 1019, 1022-23 (9th Cir. 2006). A court reviewing a motion for a judgment as a matter of law must construe all evidence in favor of the nonmoving party, in this case the Plaintiff. *Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003).

//

//

# IV. ANALYSIS

**A.  Section 1983 Claims Against Defendants Hennessy and Price**

Defendants Price and Hennessy move for a directed verdict, arguing that there is no evidence they personally "hit, kicked, struck, [or] kneed" Plaintiff during his arrest, and thus they cannot be individually liable for any harm Plaintiff suffered. Dkt. # 72 at 3.

While "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant," the Ninth Circuit's "integral participation theory does not require that each officer's individual action amount to a constitutional violation." *Hoskin v. Larsen*, C06-5559 RBL, 2007 WL 3228408, at *6 (W.D. Wash. Oct. 31, 2007) (citing *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004)). An officer can be liable for excessive force when he is an integral part of another officer's use of excessive force. *Id*. This includes holding the plaintiff down or handcuffing the plaintiff. *Id*. (the officer who assisted in the handcuffing of the plaintiff was found to be an integral participant and thus liable under § 1983); *Martinez v. Bryant*, CV06-5344-GW (AGR), 2009 WL 1456399, at *2 (C.D. Cal. May 19, 2009) (defendant became an integral participant by directing another officer to "handle that man for me" and holding down the plaintiff's legs during the alleged attack).

In this case, Defendants Hennessy and Price both testified that they took part in restraining Plaintiff during the incident where Plaintiff was allegedly beaten by Deputies Buchan and Bertaina. Under the integral participation theory, the Defendants have provided sufficient evidence for a rational jury to find that Plaintiff's constitutional rights

were violated and that Defendants Price and Hennessy were integral participants in that violation.[1]

Further, even if Deputies Price and Hennessy's participation in Plaintiff's arrest was not sufficient to sustain a finding of liability, a rational jury could still hold them liable for their failure to intervene in Deputies Buchan and Bertaina's alleged use of excessive force. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). An officer who chooses inaction violates a constitutional right that "is analytically the same as the right violated by the person who strikes the blows." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994). To be liable, an officer must have had "a realistic opportunity" to intercede. *Cunningham*, 229 F.3d at 1289. "Whether or not an opportunity is realistic is often a matter of timing." *Preston v. Boyer*, C16-1106-JCC-MAT, 2017 WL 1079995, at *2 (W.D. Wash. Mar. 22, 2017). "For example, courts have found that there can be no realistic opportunity to intervene if the officer was not present when the violation took place, or even if they are present, if the constitutional violation happens too quickly for them to prevent." *Id.* (citing *Cunningham*, 229 F.3d at 1290; *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1159-60 (N.D. Cal. 2009)).

//

---

[1] To the extent Defendants argue that Plaintiff's theories of liability under Section 1983 are not adequately addressed in the jury instructions, *see* Dkt. # 72 at 4, the Court will instruct the jury as to the integral participant theory.

In this case, Deputies Hennessy and Price testified that they had time to assist in restraining Plaintiff, which tends to support a finding that each had a "realistic opportunity" to intervene to prevent the alleged beating by Deputies Buchan and Bertaina. The Court concludes that a reasonable jury hearing this evidence could find in Plainitff's favor.

**B.     Damages**

Defendants next argue that because Plaintiff testified that he lost consciousness during his arrest, he is unable to demonstrate that he was damaged by the Defendants' use of a double or "hobble" restraint, or that he was damaged by Deputy Buchan allegedly pointing his firearm at the Plaintiff. Dkt. # 72 at 4. Under Section 1983, damages are available "for actions 'found . . . to have been violative of constitutional rights and to have caused compensable injury.'" *Estate of Brutsche v. City of Fed. Way*, C05-1538Z, 2006 WL 3734153, at *4 (W.D. Wash. Dec. 14, 2006) (quoting *Carey v. Piphus*, 435 U.S. 247, 255 (1978)). In this case, there is sufficient evidence for the jury to find that under the totality of the circumstances, the Defendants used excessive force in arresting the Plaintiff, and this excessive force caused the Plaintiff compensable injury. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir.1991).

      1.    Double Restraints

First, Defendants contend that Plaintiff "has proven no physical injury from the restraints, nor can he demonstrate any emotional or psychological damage since he was not aware of the restraint." Dkt. # 72 at 4.

Despite Plaintiff's apparent loss of consciousness, there is sufficient evidence to support a finding that the double restraints used against Plaintiff infringed his Fourth Amendment right to be free from excessive force. Defendants' own expert testified that double restraints are a reasonable use of force in situations where there are bystanders, a large or violent suspect, or where the situation is unfolding in a tightly confined space—factors that were not present during the Plaintiff's arrest. *See Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) (finding that a reasonable jury could conclude that the defendants use of double restraints was excessive force given the nature of the crime and the minimal resistance of the plaintiff); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir.1993) (unjustifiably causing pain by handcuffing a person too tightly is unconstitutional); *Hoskin*, 2007 WL 3228408, at *6 (a rational jury could find that officers used excessive force in lifting and tugging plaintiff's restraints after he had been disarmed and patted down).

Defendants also overstate Plaintiff's testimony regarding his loss of consciousness. On cross examination, Plaintiff testified that he slipped out of consciousness before being handcuffed, but during his direct testimony he explained that he felt his arms pulled back into double restraints, and then felt his body go limp as this happened. Moreover, based on other evidence that was presented, a rational jury could find that Plaintiff suffered both physical and psychological damage from the double restraints. Plaintiff's treating physician, Dr. Annette Huang, testified that Plaintiff's chronic traumatic headaches likely resulted from the events on the night of his arrest. Plaintiff testified that since the incident he has had nightmares and is no longer able to

enjoy English language school. Plaintiff also introduced pictures of himself from immediately after the incident showing cuts and bruises that a rational jury could conclude resulted from the time Plaintiff spent on the ground in restraints.

2. Firearm

Defendants next contend that regardless of any evidence that Deputy Buchan drew his firearm during the events leading up to the arrest, Plaintiff did not observe him drawing his weapon and therefore cannot prove any damages from the alleged action. Dkt. # 72 at 4. But Defendants have not described the basis for their concern that "the jury could determine that the use of the firearm . . . could constitute 'excessive force' in their estimation." Dkt. # 72 at 4. The Plaintiff did not testify that Deputy Buchan pointed a weapon at him and the Court cannot instruct the jury to ignore testimony that did not occur. In the absence of any specified basis for Defendants' concern, the lack of any evidence to support damages arising from Deputy Buchan pointing his weapon at the Plaintiff may be properly addressed during closing arguments and through jury instructions on evidence.

//

//

//

//

//

//

//

## V. CONCLUSION

Given the evidence presented during the first four days of trial, the Court cannot conclude "that a reasonable jury would not have a legally sufficient evidentiary basis to find for" Plaintiff. *See* Fed.R.Civ.P. 50(a)(1). Defendants' Motion is therefore **DENIED**. The clerk is directed to send copies of this order to all counsel of record.

DATED this 9th day of August, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge